UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RANDOLPH SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACQUELYN LACEY, et al.,<br><br>　　　　　Defendants. | Case No. CV 16-1986 R (SS)<br><br>**REPORT AND RECOMMENDATION OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

On February 5, 2016, Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1). Plaintiff also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No.

2). On April 6, 2016, the Court issued an Order to Show Cause Why Plaintiff's Application to Proceed In Forma Pauperis Should Not Be Denied Because His Claims Are Barred by Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994) (the "OSC"). (Dkt. No. 4). Plaintiff filed a Response to the OSC on April 25, 2016 (the "OSC Resp."). (Dkt. No. 6).

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff names as Defendants (1) the Chief District Attorney for Los Angeles County; (2) a Deputy District Attorney for Los Angeles County; (3) a California Superior Court judge; (4) the Governor of California; (5) a member of the "California Board of Prison Hearings;" (6) a former Secretary of the California Department of Corrections; (7) a former Warden of the California State Prison in Avenal, California; and (8) the Attorney General for the State of California. (Complaint at 3—5 (continuous pagination)). All defendants are sued in their individual and official capacity. (Id.).

Plaintiff's allegations are unclear. However, Plaintiff appears to allege that he was sentenced in violation of a plea agreement and that he has informed Defendants of his illegal incarceration by serving them with a "Private Administrative Process." (Id. at 6—12). Plaintiff contends that because Defendants failed or refused to respond properly, a "contract" was formed among all the parties to arrange for Plaintiff's release.

(Id. at 1). The Complaint seeks to enforce this "contract" "in the nature of a motion to vacate the judgment based upon the prosecution's agreement that the judgment is setoff" and argues that Plaintiff "is entitled to immediate release from all confinement or conditions of supervised release." (Id. at 1, 13) (capitalization altered).

### III.

### STANDARD

A district court shall dismiss the complaint of a prisoner proceeding under IFP status if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

To avoid dismissal for failure to state a claim, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[,]" Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts

3

are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In determining whether a complaint states a claim, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (citations, footnote, and internal quotation marks omitted). The Court must accept a complaint's allegations as true, Erickson, 551 U.S. at 93-94; Twombly, 550 U.S. at 555-56, construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Yet, the court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2006). Likewise, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; Stapley v. Pestalozzi, 733 F.3d 804, 809 (9th Cir. 2013).

Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; see also Hebbe v. Pliler, 627 F.3d 338,

4

342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

If the court finds that a complaint fails to state a claim, it must also decide whether to grant the plaintiff leave to amend. Even when a request to amend is not made, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005) (internal quotation marks omitted). However, if amendment of the pleading would be futile, leave to amend is properly denied. See Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010); see also Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## IV.

## DISCUSSION

**A.**     **Plaintiff's Claims Are Barred by Preiser and Heck**

In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court held that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 499. Moreover, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>Id.</u> at 486-87. The <u>Heck</u> Court explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a

6

> conviction or sentence that has not been so invalidated is <u>not</u> cognizable under § 1983.

<u>Heck</u>, 512 U.S. at 486-87 (footnote and citation omitted) (emphasis in original).

The Complaint appears to seek only Plaintiff's immediate release. Specifically, Plaintiff asserts in his request for relief that he is "entitled to immediate release from all confinement or conditions of supervised release." (Complaint at 13). Moreover, in response to the Court's Order to Show Cause why IFP status should not be denied, Plaintiff continues to assert that the alleged "contract for imprinsonment [sic] is void" and that he "must be released immediately from all restraint." (OSC Resp. at 8). Accordingly, it is evident that prevailing on Plaintiff's constitutional claims would undermine the validity of his conviction in violation of <u>Heck</u> and <u>Preiser</u>.

Although the Court afforded Plaintiff the opportunity to explain why his claims are cognizable under § 1983, Plaintiff continues to argue in this action that he is an innocent man wrongfully convicted. Because amendment would be futile, Plaintiff's motion to proceed in forma pauperis should be denied, and the Complaint should be dismissed without prejudice. In the event Plaintiff's conviction is reversed by a grant of habeas relief at a future date, Plaintiff would then be permitted to pursue his civil rights claims.

**V.**

**RECOMMENDATION**

Consistent with the foregoing, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting this Report and Recommendation; (2) denying Petitioner's motion to proceed in forma pauperis; and (3) directing that Judgment be dismissing this action without prejudice.

DATED: June 15, 2016

                                                    /S/
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

**THIS REPORT IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**